## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Demetria Brooks, Individually and as Sister and Personal Representative of the Estate of RODERICK BROOKS deceased, And Sandra Brooks, Individually and as Sister and Personal Representative of the Estate of RODERICK BROOKS deceased, | § § § § § § § § | Civil Action No. _____ |
| | § § | JURY DEMANDED |
| Plaintiff, | § § | |
| v. | § § | |
| HARRIS COUNTY SHERIFF'S OFFICE, GARRETT W. HARDIN, Individually and as an agent and/or employee of HARRIS COUNTY SHERIFF'S OFFICE, HARRIS COUNTY, HARRIS COUNTY COMMISSIONERS COURT, HARRIS COUNTY JUDGE LINA HIDALGO | § § § § § § § | |

Defendants.

### PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Plaintiffs DEMETRIA BROOKS-GLAZE and SANDRA BROOKS, individually as the surviving next of kin and Independent Administrator of the Estate of Roderick Brooks, complaining of Defendants HARRIS COUNTY, HARRIS COUNTY SHERIFF'S OFFICE, and Garrett W. Hardin (collectively, "Defendants") and for cause would show the Honorable Court as follows:

### INDEX OF COUNTS

**Count I**- 42 U.S.C. § 1983 (Garrett W. Hardin)

**Count II**- Assault and Battery (Garrett W. Hardin)

**Count III**- Willful and Wanton—Wrongful Death (Garrett W. Hardin)

**Count IV**- Harris County and HCSO—Institutional Liability—Survival

**Count V**- Harris County and HCSO—Institutional Liability—Wrongful Death

**Count VI**- 42 U.S.C. §§ 1983 and 1988/*Monnell* Policy Claim (The City)

# I.
## NATURE OF THE ACTION

1.      This is an action brought against the Defendants relating to their excessive and illegal use of force against Roderick Brooks ("Brooks"), which resulted in his wrongful death. Acting under the color of law, Defendants acts, and omissions violated Brooks' individual rights under the Fourteenth Amendment of United States Constitution (the "Fourteenth Amendment") and, consequently, his civil rights. Plaintiff brings claims under 42 U.S.C. § 1983 ("Section 1983") and Texas common and statutory law.

2.      Plaintiff alleges that Harris County Sheriff Ed Gonzalez ("Sheriff Gonzalez") is, and was at all relevant times mentioned, the final policymaker for the Harris County Sheriff's Office, with the authority for setting policies, including training of the Harris County Sheriff's Office Deputies and staff. Sheriff Gonzalez had a duty, but failed to implement and enforce such policies, practices, and procedures for the HCSO that respected Brooks' constitutional rights.

# II.
## PARTIES

3.      Plaintiff Demetria Brooks-Glaze is a citizen of the United States and is a resident of Harris County, Texas.

4.      Plaintiff Sandra Brooks is a citizen of the United States and is a resident of Harris County, Texas.

5.      Harris County (the "County") is, and was at all relevant times mentioned, a

municipality duly organized and existing under the laws of Texas. The Harris County Sheriff's Office ("HCSO") is an official subdivision of the County. All individuals employed by the HCSO, are employees of the County.

6.      Further, the County is, and was at all times mentioned, engaged in owning, operating, maintaining, managing, and doing business as the HCSO and the business of public safety for the residents of Harris County. All the acts and omissions complained of in this Complaint by Plaintiff against Defendant Hardin were done and performed by him individually and/or in his capacity as an agent, servant and/or employee of the County and/or the HCSO, and at all relevant times they acted under the color of law. Moreover, the County and the policymaker ratified all the acts of Defendant Hardin for which this complaint is made.

7.      Harris County operates HCSO. Harris County funds and operates HCSO, which along with the Harris County Commissioner's Court, and the Harris County Judge Lina Hidalgo are responsible for the implementation for their departments' budgets, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The HCSO is also responsible for preventative, investigative, and enforcement services for all citizens of Harris County.

8.      Harris County may be served with citation herein by and through its agent for service of process, Harris County Judge Lina Hidalgo, at 1001 Preston Ste. 911 Houston, Texas 77002.

9.      Upon information and belief, Defendant Garrett W. Hardin ("Hardin") is a resident of Harris County. At all relevant times, Hardin was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the County. Moody is being sued in his individual capacity and his official capacity as an employee of the HCSO.

Hardin may be served at the Harris County Sheriff's Office, 1200 Baker Street Houston, Texas 77002 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

10.     This Court has jurisdiction over the 42 U.S.C. §§ 1983 and 1988 claims raised in this Complaint, pursuant to 28 U.S.C. §§ 1331 and 1343(3). Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

11.     Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 because Defendants reside, and the acts complained of arose, in the Southern District of Texas.

12.     The amount of controversy exceeds $75,000 exclusive of interest and costs.

### IV.
### FACTUAL ALLEGATIONS

13.     Plaintiffs incorporate and reallege herein by reference paragraphs 1 through 11, inclusive, as though set forth fully herein.

### A.     MURDER OF RODERICK BROOKS

14.     On or about July 8, 2022, HCSO Deputy Sergeant Garrett W. Hardin responded to a 911 call from a Dollar General employee related to shoplifting on the 15000 block of Kuykendahl in Harris County. In the audio, the Dollar General Employee claimed Roderick had shoplifted, that he pushed her arm when he left the store, and that she didn't think he posed any immediate threat to officers.  While in hot pursuit in his vehicle, Hardin left his vehicle unoccupied and in reverse. Upon arriving on the scene, Hardin sees Roderick and begins to chase him on foot.

15.     Hardin closed the distance on foot with Roderick and then proceeded to use his taser violating HCSO policy by tasing a subject while they are running and tasing a subject who

has not committed or was wanted for a felony offense.[1]

16.     As Roderick is being tased, Hardin continued to violate HCSO's taser policy by tackling Roderick, placing him face down on the pavement, while kneeling on his back and punching him in the face.[2]  After punching Roderick indiscriminately, Hardin placed his taser-which was still connected to Roderick- on the ground near Roderick's head. Hardin then pulls his service weapon.

17.     As Roderick is being punched by officer Hardin, the taser continues to send shocks through Roderick's body. Roderick is seen grabbing the taser by his head, but quickly drops it after Hardin tells him he will "fucking kill…shoot" him if he doesn't put the taser down. After Roderick put the taser down, Hardin then shoots him in the back of the neck. Roderick ultimately died due to the gunshot wound. Bystanders noted that Hardin had Roderick subdued and in custody before shooting him to death. [3]

18.     Roderick's death in police custody was avoidable and he would be alive today if Defendants Harris County and the Harris County Sheriff's Office had policies in place to prevent Defendant Hardin from murdering Roderick.

19.     The wrongful and inexcusable death of Roderick is a violation of his individual

---

[1] Deputies may use the CED only when circumstances known to or perceived by the individual deputy, at the time, indicate the application of the CED is reasonable to subdue or control: A person fleeing apprehension of a deputy known to have committed or wanted for a felony offense.  https://hcsopolicy.com/policy/503-use-of-conducted-electrical-weapons-cew/  Fleeing/Evading should not be the sole justification for using a CED against a subject.  https://hcsopolicy.com/policy/503-use-of-conducted-electrical-weapons-cew/
When practicable, avoid using a CED on a person in the following circumstances unless the situation justifies an increased risk: Is running or moving under momentum https://hcsopolicy.com/policy/503-use-of-conducted-electrical-weapons-cew/
[2] Deputies should avoid attempting to control continued resistance or exertion by pinning the subject to the ground or against a solid object, using their body weight.  If body weight is needed to secure the subject, deputies should place their knee on the shoulder area of the subject. Placement of body weight on the subject's back or stomach while in the prone position may cause positional asphyxia. https://hcsopolicy.com/policy/503-use-of-conducted-electrical-weapons-cew/

[3] Exhibit A. Witness Rhonda Rochelle Foster's Affidavit

rights under the Fourth and Fourteenth Amendment and, consequently, a violation of his civil rights.

20.     Defendants are liable because they directly violated Roderick's constitutional rights and acted under color of law.

### B.  HARRIS COUNTY SEARGENT GARRETT W. HARDIN'S HISTORY WITH USE OF FORCE

21.     A week before Hardin murdered Roderick, he was involved in a "questionable incident." It was reported in the media that Hardin was among a group of officers who responded to an auto-pedestrian accident in Harris County. A man, who was alleged to be under the influence, was on the ledge of an overpass. Hardin approached this man and used his stun gun on him. Due to this use of force, the man fell off the overpass. Media reports say he fell 35 feet below, and was critically injured. [4]

22.     HCSO policy states deputies should avoid using a taser on someone who is on an "elevated or unstable surface such as a tree, roof, ladder, ledge, balcony, porch, bridge or stair," or on someone who "could fall and suffer serious injury to the head or other area." Even though Hardin violated HCSO policy, he was not placed on administrative leave, nor was he taken off field duty. A week later, he murdered Roderick Brooks.

23.     In 2011, Hardin used lethal force against another Harris County Citizen in an unrelated incident. The case was sent to Grand Jury by the Harris County District Attorney's Office. The Harris County Sheriff's Office decided against taking disciplinary action.

---

[4] **"Harris Co. sergeant accused of killing assault suspect involved in questionable incident week before"** https://abc13.com/harris-county-sgt-garrett-hardin-sergeant-under-investigation-roderick-brooks-killed/12050450/

**EXCESSIVE FORCE BY DEFENDANT (Individually and in his Official Capacity)**
**COUNT I - 42 U.S.C. § 1983 (Hardin)**

Plaintiff re-alleges Paragraphs 1-22 of the Complaint.

24.     This is an action for damages against Defendant Hardin for deprivation of Brooks' Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

25.     On July 8, 2022, Defendant Hardin acted under color of state law and pursuant to the policy, custom, and/or usage of the Harris County Sheriff's Office.

26.     In the events alleged above, on or before July 8, 2022 Defendant Hardin acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Brooks of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments including the rights to be free from unreasonable search, seizure and excessive force by means of unwarranted threats, and the right to be free from unlawful detention and/or arrest by police officers acting under color of law.

27.     Plaintiff would show that at all times material hereto, Defendant Hardin had a duty to avoid infliction of unjustified bodily injury to Plaintiff, to protect his bodily integrity and to not trample on his constitutional rights.

28.     By using deadly and excessive force described in this petition when it was not objectively reasonable to do so, Defendant Hardin deprived Roderick Brooks of his constitutionally protected right of life and liberty without due process of law.

29.     The conduct, including the actions and omissions of the Defendant while in the course and scope of his employment was excessive and unreasonable, it was done intentionally, willfully, maliciously, and with deliberate indifference and reckless disregard for the natural probable consequences of his acts.

30.     The actions of Defendant Hardin were done without justification and no basis in policy or reasonable standards. His actions were intentionally calculated and did cause serious physical and emotional pain and suffering and the death of Roderick Brooks in violation of his constitutional rights protected under 42 USC § 1983 and the 4th and 14th Amendments to the United States Constitution including the right to be free from unreasonable search and seizure and the right to be free from the use of excessive, unreasonable, and unjustified deadly force.

31.     At all times, hereto, Defendant Hardin was acting under color of law as a Sheriff's Deputy.

32.     Plaintiffs aver that at no time when Defendant Hardin approached Roderick Brooks did he present an imminent threat of danger or great bodily harm to anyone in the area.

33.     Any reasonable law enforcement officer would know or should have known of these constitutionally protected rights at the time Hardin approached Roderick Brooks as they were clearly established and were or should have been a part of the officers' training.

34.     As a direct and proximate result of the foregoing, Defendant Hardin Moody and Ortega,  individually and as an agent and/or employee of the County and HCSO, deprived Roderick Brooks of his rights and privileges as a citizen of the United States, secured by the Fourteenth Amendment, and caused Roderick Brooks to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

35.     The claims and causes of action for injuries to the health, reputation and person sustained by Roderick Brooks are brought in this action pursuant to the Survival Act Texas Civil Practice and Texas Practice and Remedies Code § 71.021.

36.     The claims and causes of action for the wrongful death of Roderick Brooks are

brought by his next of kin Demetria Brooks-Glaze on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code §§ 71.002-004.

### Count II – Assault and Battery

Plaintiff re-alleges paragraphs 1-42 of the Complaint.

37.     On or about July 8, 2022, Defendant Hardin committed a battery upon Roderick Brooks when he intentionally, knowingly, and/or recklessly shot Roderick Brooks in the back of his neck causing severe bodily injury and death.

38.     On or about July 8, 2022, Defendant Hardin committed an assault upon Roderick Brooks when he intentionally, knowingly, and/or recklessly pointed a taser at Roderick Brooks.

39.     On or about July 8, 2022, Defendant Hardin committed assault and battery upon Roderick Brooks when he intentionally, knowingly, and/or recklessly used excessive force on Roderick Brooks.

40.     Defendant Hardin was not privileged to take the action or use force, and such action was not necessary under the circumstances.

41.     As a direct and proximate result of the foregoing, Defendant Hardin, individually as an agent and/or employee of Harris County, Texas and HCSO, assaulted and battered Roderick Brooks, and Defendant Hardin caused Roderick Brooks to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional limit, to be proven at trial.

42.     The claims and causes of action for injuries to the health, reputation, and person sustained by Roderick Brooks are brought in this action as an alternative pendent state law claim pursuant to Texas Penal Code section 22.01.

### Count III – Willful and Wanton –Survival (Hardin)

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                      9

Plaintiff re-alleges paragraphs 1-48 of the Complaint.

43.     Prior to July 8, 2022, Defendant Hardin was reprimanded for unprofessional conduct. Also, Defendant Hardin approximately a week before violating Roderick Brooks' civil rights put another Harris County citizen in the hospital by using excessive force.

44.     Prior to July 8, 2022, Harris County and the HCSO knew or should have known that Defendant Hardin exhibited a pattern of escalating encounters with the public.

45.     On July 8, 2022, Defendant Hardin acted under color of law.

46.     In the events alleged above, Defendant Hardin acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Roderick Brooks of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

47.     The above-described acts and omissions by Defendant Hardin demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Roderick Brooks. Defendant Hardin was not privileged in his actions, failed to follow proper police protocol and violated Roderick Brooks 4th and 14th amendment rights.

48.     As a result of Defendant Hardin's violations of Roderick Brooks' constitutional rights, Roderick Brooks suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

49.     Roderick Brooks exercised his rights, or attempted to do so, under the United States Constitution.

50.     Defendant Hardin deprived Roderick Brooks of his rights guaranteed by the United States Constitution and federal statutes. Defendant Hardin intentionally tased Roderick Brooks violating his rights and intentionally shot him in the back of the neck while he was unarmed in violation of his Constitutional protected rights.

51.     As a direct and proximate result of the foregoing, Defendant Hardin individually and as an agent and/or employee of Harris County and the HCSO, deprived Roderick Brooks of his rights and privileges as a citizen of the United States and Defendant caused Roderick Brooks to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

52.     The claims and causes of action for injuries to the health, reputation and person sustained by Roderick Brooks are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

### Count IV – HARRIS COUNTY AND HCSO—INSTITUTIONAL LIABILITY—SURVIVAL

Plaintiff re-alleges paragraphs 1-35 of the Complaint.

53.     Prior to July 8, 2022, Defendant Hardin was reprimanded for unprofessional conduct. Also, Defendant Hardin approximately a week before violating Roderick Brooks' civil rights put another Harris County citizen in the hospital by using excessive force.

54.     Prior to July 8, 2022, Defendant Harris County and the HCSO knew or should have known that Defendant Hardin exhibited a pattern of escalating encounters with the public.

55.     Prior to July 8, 2022, and at all times relevant Defendant Harris County and the HCSO was responsible for training its law enforcement officers, including but not limited to Defendant Hardin with regard to not violating citizens' 4th and 14th amendment rights, but failed to fully, adequately, and properly do so.

56.     Prior to July 8, 2022, and at all times relevant, Defendant Harris County and the HCSO failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as Harris County Sheriff's Deputies, including but not limited to,

Defendant Hardin.

57.    Defendant Hardin was acting under color of law and acting pursuant to customs, practices and policies of Harris County and the HCSO in regards to the use of excessive force on Roderick Brooks as authorized and/or ratified by the Policymakers, specifically, Harris County Judge Lina Hidalgo, Harris County Sheriff Ed Gonzalez and the Harris County Commissioners' Court. Roderick Brooks was deprived of rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States, by Harris County, Texas failing to provide proper training in the proper use of excessive force, investigatory techniques and wrongful detentions in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

58.    With respect to the claims made the basis of this lawsuit, Harris County and the HCSO failed to train adequately its employees regarding the proper use of force and detentions. The failure to train its employees in a relevant respect reflects a deliberate indifference of Harris County, HCSO, Lina Hidalgo, the Harris County Commissioners' Court, and Harris County Sheriff Ed Gonzalez to the rights of the County's inhabitants and is actionable under 42 U.S.C. § 1983.

59.    Defendant Harris County, HCSO, and Sheriff Ed Gonzalez under the direction of the Harris County Commissioners' Court and Harris County Judge Lina Hidalgo developed and maintained a policy of deficient training of its sheriff's office in the use of force, including the proper use of force and detentions, and apprehensions of individuals. Harris County's training is designed and implemented by Sheriff Ed Gonzalez, under the authority of the Harris County Commissioners' Court and Lina Hidalgo, to act in this regard.

60.    Sheriff Ed Gonzalez's, under the directions of Defendant, Harris County, HCSO,

Lina Hidalgo, and the Harris County Commissioners' Court, failure to provide adequate training to HCSO officers regarding the proper use of force and wrongful detentions reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that deputies would use excessive or deadly force on citizens and made the violations of Roderick Brooks' constitutional rights a reasonable probability..

61.    Plaintiff will show that Defendant Hardin's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for with Sheriff Ed Gonzalez, the County, Lina Hidalgo and the Commissioners' Court knew or should have known but never provided the requisite and proper training. There have been similar incidents with Defendant Hardin, which have resulted in the use of a taser weapon against other African American men and other instances of misuse of force.

62.    On information and belief, Defendant Harris County, HCSO Sheriff Ed Gonzalez and Harris County Judge Lina Hidalgo, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Roderick Brooks failed to implement and/or enforce the policies, procedures, and practices necessary to provide constitutional equal protections to Roderick Brooks.

63.    As a result of these Constitutional violations to Roderick Brooks and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

64.    The claims and causes of action for injuries to the health, reputation and person sustained by Roderick Brooks are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

### Count V

### Harris County and HCSO—Institutional Liability—Wrongful Death

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                    13

Plaintiff re-alleges Paragraphs 1-63 of the Complaint.

65.     On July 8, 2022, Defendant Hardin was an agent and/or employee of Harris County through his employment at the Harris County Sheriff's Office.

65.     In the events alleged above, Harris County, by and through its agent and/or employee, Defendant Hardin, and others, acted contrary to law, and intentionally and unreasonably deprived Roderick Brooks of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

66.     The above described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Roderick Brooks.

67.     As a result of the violation of Roderick Brooks' constitutional rights by Harris County and the HCSO's agents and/or employees, Defendant Hardin, and others, Roderick Brooks suffered substantial injuries, damages and, ultimately death.

68.     On or about July 8, 2022, at various points in time, Roderick Brooks had his 4th and 14th amendment protections violated by Defendant Hardin.

69.     On or about July 8, 2022, Defendant HCSO and Hardin, and others were willful, wanton, and recklessly exhibited a conscious disregard for the safety of Roderick Brooks by using excessive force and failing to keep him free of injury, harm, and death.

70.     Defendant Harris County, by and through its agents and/or employees, Defendant Hardin, and others, deprived Roderick Brooks of his rights guaranteed by the United States Constitution and federal statutes.

71.     As a direct and proximate result of the foregoing, Defendant, Harris County, by and through its agents and or employees, including Defendant Hardin, and others, deprived Roderick Brooks of his rights and privileges as a citizen of the United States, and cause Roderick Brooks to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

72.     The claims and causes of action for the wrongful death of Roderick Brooks are brought by his next of kin and personal representatives of his estate Demetria Brooks-Glaze and Shannon Brooks, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count VI – 42 U.S.C. §§ 1983 and 1988/*Monnell* Policy Claim (The City)**

Plaintiff re-alleges paragraphs 1 through 72 of the Complaint.

73.     The actions of Defendants, which resulted in Roderick Brooks' death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant, Harris County and the HCSO.

74.     Defendants Harris County and the HCSO, acting at the level of official policy, practice, and custom, with callous, conscious, unreasonable and deliberate indifference to Roderick Brooks' constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed. At all times material to this Complaint Harris County and the HCSO, its Boards, its Personnel Divisions, their agents and/or officials had interrelated *de facto* policies, and customs which include, *inter alia*:

    a.  Utilizing or condoning the use of excessive force;

    b.  Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control patrolmen and/or officers;

c.  Failing and refusing to correct, discipline, and follow up on the actions of Defendant Hardin;

75.    All the policies set forth above were adopted, implemented, supplemented, reinforced, promulgated, and effected, as a further matter of custom, practice, and policy. Said policies were also a driving force in Roderick Brooks' death by means and failure of the County to hire, train, discipline and supervise HCSO deputies. By their deliberate indifference, Defendants Harris County and the HCSO implemented and encouraged policies, practices, and customs with deliberate indifference to the rights of citizens.

76.    Said interrelated policies, practices, and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and were unreasonable; and encouraged, *inter alia*, the failure to adequately conduct investigatory detentions and lawful arrests.

77.    As a direct and proximate result of the acts and conduct of Defendant, Roderick Brooks suffered injury and death.

## DAMAGES

78.    Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

79.    Plaintiff and Plaintiff's Decedent suffered compensatory, special, and punitive damages for the following:

a.  Extreme mental anguish and emotional distress as a result of being physically assaulted, and battered by Defendant Hardin;

b.  Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Hardin subjected Roderick Brooks;

c.  Violation of Roderick Brooks' civil rights by defendant Hardin, Harris County and the Harris County Sheriff's Office; and

d.  Punitive damages for egregious acts and omissions of Defendants Hardin, Harris County, and the Harris County Sheriff's Office.

e.  Plaintiff is entitled to attorney's fees for litigation of this matter; and

f.  Plaintiff requests and is entitled to a trial by jury.

## PRAYER FOR RELIEF

Demetria Brooks-Glaze and Sandra Brooks, as siblings and Personal Representatives of the estate of Roderick Brooks, deceased, prays that for judgment on his behalf and against all defendants jointly, severally and in solido, as follows:

a.  Compensatory, special, and punitive damages;

b.  Plaintiff seeks declaratory relief that Defendants violated Roderick Brooks' rights under the U.S. Constitution and 42 U.S.C. § 1983;

c.  Judicial interest from date of judicial demand;

d.  Prejudgment and post-judgment interest as provided by law; and

e.  Such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Respectfully submitted,

STAFFORD MOORE, PLLC

/s/ *Justin A. Moore*
**Justin A. Moore**
State Bar No. 24088906
justin@staffordmoore.law
www.staffordmoore.law
**Paul K. Stafford**
State Bar No. 00791716
STAFFORD MOORE, PLLC
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone (Main):      (214) 764-1529
Telephone (Direct):    (214) 764-1531
Facsimile:                (214) 580-8104

**Sadiyah A. Evangelista**
State Bar No. 24036096
Law Office of Sadiyah A. Evanglista
P.O. Box 1092
Houston, Texas 77251
Telephone (Main): 832-623-2323
Sadiyah.evangelista@gmail.com

*Attorneys For Plaintiff*

## AFFIDAVIT

Before me, the undersigned notary, on this day, personally appeared Rhonda Rochelle Foster signing a person whose identity is known to me. After I administered an path to him, upon his oath, he said:

"My name is Rhonda Rochelle Foster. My address is 13722 Borg Breakpoint. My contact information is 713 2084802.

On Friday, July 8, 2022, at approximately 6:25pm, my husband Anthony Foster and I were traveling southbound on Kuykendahl when we noticed police activity. When we approached the stop light at Bammelwood I observed an officer's patrol car to my right in an office park parking lot. The patrol car was going in reverse and approaching a strike against the sidewalk and building. At that time my husband pointed out a patrol officer going chase to a man on foot. The officer and suspect ran toward gas station and between two parked trucks. Prior to the light changing I could see someone falling to the ground. Once the light change and we approach the active scene, I took notice to the patrol officer straddled on the back of the suspect, with all his body weight with his knees on the pavement. At this point the officer had the suspect subdued and in custody/restrain However, the officer retrieved his weapon while on the suspects back and aimed it near his upper body but from the side angle and discharged his weapon striking the suspect. The impact of the shot was so powerful I specifically remember the suspects body jolting, with the officer still on his back.

FURTHER AFFIANT SAITH NOT.

_____

SWORN TO and SUBSCRIBED before me by Rhonda Rochelle Foster _____ on this the _____ day of September, 2022.

_____
Notary Public, State of Texas

My Commission Expires: May 18, 2026

A W HAWKINS
Notary ID #11225168
My Commission Expires
May 18, 2026

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Demetria Brooks, Individually and as Sister and Personal Representative of the Estate of RODERICK BROOKS deceased, And Sandra Brooks, Individually and as Sister and Personal Representative of the Estate of RODERICK BROOKS deceased, | § § § § § § § § | Civil Action No. _____ |
| Plaintiff, | § § § | |
| v. | § § | |
| HARRIS COUNTY SHERIFF'S OFFICE, GARRETT W. HARDIN, Individually and as an agent and/or employee of HARRIS COUNTY SHERIFF'S OFFICE, HARRIS COUNTY, HARRIS COUNTY COMMISSIONERS COURT, HARRIS COUNTY JUDGE LINA HIDALGO | § § § § § § § § § | JURY DEMANDED |
| Defendants. | | |

## AFFIDAVIT OF DEMETRIA BROOKS-GLAZE

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

"I, DEMETRIA BROOKS-GLAZE, state and declare that I am over 21 years of age and fully competent to make this declaration. The facts set forth herein are true and correct and within my personal knowledge. I have read the foregoing Plaintiffs' Original Complaint, and the facts stated in the *Factual Allegations,* the *Causes of Action,* and the *Damages* sections are within my personal knowledge and are true and correct, unless otherwise qualified therein.

My name is Demetria Brooks-Glaze, my address is 1699 Romano Park Ln. #384 Houston, Texas 77073. I declare under penalty of perjury that the foregoing is true and correct.

**Affidavit of Demetria Brooks-Glaze – Plaintiffs' Original Complaint – Page 1**
526112.000002 21559179.1

I, Demetria Brooks-Glaze, provide in this section the general substance of certain factual allegations:

1.      On or about July 8, 2022, HCSO Deputy Sergeant Garrett W. Hardin responded to a 911 call from a Dollar General employee related to shoplifting on the 15000 block of Kuykendahl in Harris County. In the audio, the Dollar General Employee claimed Roderick had shoplifted, that he pushed her arm when he left the store, and that she didn't think he posed any immediate threat to officers.  While in hot pursuit in his vehicle, Hardin left his vehicle unoccupied and in reverse. Upon arriving on the scene, Hardin sees Roderick and begins to chase him on foot.

2.      Hardin closed the distance on foot with Roderick and then proceeded to use his taser violating HCSO policy by tasing a subject while they are running and tasing a subject who has not committed or was wanted for a felony offense.

3.      As Roderick is being tased, Hardin continued to violate HCSO's taser policy by tackling Roderick, placing him face down on the pavement, while kneeling on his back and punching him in the face.  After punching Roderick indiscriminately, Hardin placed his taser-which was still connected to Roderick- on the ground near Roderick's head. Hardin then pulls his service weapon.

4.      As Roderick is being punched by officer Hardin, the taser continues to send shocks through Roderick's body. Roderick is seen grabbing the taser by his head, but quickly drops it after Hardin tells him he will "fucking kill…shoot" him if he doesn't put the taser down. After Roderick put the taser down, Hardin then shoots him in the back of the neck. Roderick ultimately died due to the gunshot wound. Bystanders noted that Hardin had Roderick subdued and in custody before shooting him to death.

5.      Roderick's death in police custody was avoidable and he would be alive today if

Defendants Harris County and the Harris County Sheriff's Office had policies in place to prevent Defendant Hardin from murdering Roderick.

6.      The wrongful and inexcusable death of Roderick is a violation of his individual rights under the Fourth and Fourteenth Amendment and, consequently, a violation of his civil rights.

7.      Defendants are liable because they directly violated Roderick's constitutional rights and acted under color of law.

8.      A week before Hardin murdered Roderick, he was involved in a "questionable incident." It was reported in the media that Hardin was among a group of officers who responded to an auto-pedestrian accident in Harris County. A man, who was alleged to be under the influence, was on the ledge of an overpass. Hardin approached this man and used his stun gun on him. Due to this use of force, the man fell off the overpass. Media reports say he fell 35 feet below, and was critically injured.

9.      HCSO policy states deputies should avoid using a taser on someone who is on an "elevated or unstable surface such as a tree, roof, ladder, ledge, balcony, porch, bridge or stair," or on someone who "could fall and suffer serious injury to the head or other area." Even though Hardin violated HCSO policy, he was not placed on administrative leave, nor was he taken off field duty. A week later, he murdered Roderick Brooks.

10.     In 2011, Hardin used lethal force against another Harris County Citizen in an unrelated incident. The case was sent to Grand Jury by the Harris County District Attorney's Office. The Harris County Sheriff's Office decided against taking disciplinary action.

11.     Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing,

3

and/or ratifying and condoning the commission of the above described acts and/or omissions.

12.     Myself, my sister Sandra and Roderick suffered compensatory, special, and punitive damages for the following:

        a.  Extreme mental anguish and emotional distress as a result of being physically assaulted, and battered by Defendant Hardin;

        b.  Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Hardin subjected Roderick Brooks;

        c.  Violation of Roderick Brooks' civil rights by defendant Hardin, Harris County and the Harris County Sheriff's Office; and

        d.  Punitive damages for egregious acts and omissions of Defendants Hardin, Harris County, and the Harris County Sheriff's Office.

        e.  I am entitled to attorney's fees for litigation of this matter; and

13.     Myself and Sandra Brooks, as siblings and Personal Representatives of the estate of Roderick Brooks, deceased, prays that for judgment on his behalf and against all defendants jointly, severally and in solido, as follows:

        a.  Compensatory, special, and punitive damages;

        b.  We seek declaratory relief that Defendants violated Roderick Brooks' rights under the U.S. Constitution and 42 U.S.C. § 1983;

        c.  Judicial interest from date of judicial demand;

        d.  Prejudgment and post-judgment interest as provided by law; and

        e.  Such further relief as this Court deems just and equitable.

FURTHER AFFIANT SAYETH NOT"

DEMETRIA BROOKS-GLAZE

SUBSCRIBED AND SWORN TO BEFORE ME on the 23rd day of September, 2022 to certify which witness my official seal of office.

Notary Public in and for the State of Texas

5

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Demetria Brooks, Individually and as Sister and Personal Representative of the Estate of RODERICK BROOKS deceased, And Sandra Brooks, Individually and as Sister and Personal Representative of the Estate of RODERICK BROOKS deceased, | § § § § § § § § | Civil Action No. _____ |
|  | § § | JURY DEMANDED |
| Plaintiff, | § § |  |
| v. | § § |  |
| HARRIS COUNTY SHERIFF'S OFFICE, GARRETT W. HARDIN, Individually and as an agent and/or employee of HARRIS COUNTY SHERIFF'S OFFICE, HARRIS COUNTY, HARRIS COUNTY COMMISSIONERS COURT, HARRIS COUNTY JUDGE LINA HIDALGO | § § § § § § § § |  |
| Defendants. |  |  |

## AFFIDAVIT OF SANDRA BROOKS

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

"I, SANDRA BROOKS, state and declare that I am over 21 years of age and fully competent to make this declaration. The facts set forth herein are true and correct and within my personal knowledge. I have read the foregoing Plaintiffs' Original Complaint, and the facts stated in the *Factual Allegations,* the *Causes of Action,* and the *Damages* sections are within my personal knowledge and are true and correct, unless otherwise qualified therein.

My name is Sandra Brooks, my address is 1007 Doubletree Glen Dr. Houston, Texas 77073. I declare under penalty of perjury that the foregoing is true and correct.

I, Demetria Brooks-Glaze, provide in this section the general substance of certain factual allegations:

1.      On or about July 8, 2022, HCSO Deputy Sergeant Garrett W. Hardin responded to a 911 call from a Dollar General employee related to shoplifting on the 15000 block of Kuykendahl in Harris County. In the audio, the Dollar General Employee claimed Roderick had shoplifted, that he pushed her arm when he left the store, and that she didn't think he posed any immediate threat to officers.  While in hot pursuit in his vehicle, Hardin left his vehicle unoccupied and in reverse. Upon arriving on the scene, Hardin sees Roderick and begins to chase him on foot.

2.      Hardin closed the distance on foot with Roderick and then proceeded to use his taser violating HCSO policy by tasing a subject while they are running and tasing a subject who has not committed or was wanted for a felony offense.

3.      As Roderick is being tased, Hardin continued to violate HCSO's taser policy by tackling Roderick, placing him face down on the pavement, while kneeling on his back and punching him in the face.  After punching Roderick indiscriminately, Hardin placed his taser- which was still connected to Roderick- on the ground near Roderick's head. Hardin then pulls his service weapon.

4.      As Roderick is being punched by officer Hardin, the taser continues to send shocks through Roderick's body. Roderick is seen grabbing the taser by his head, but quickly drops it after Hardin tells him he will "fucking kill…shoot" him if he doesn't put the taser down. After Roderick put the taser down, Hardin then shoots him in the back of the neck. Roderick ultimately died due to the gunshot wound. Bystanders noted that Hardin had Roderick subdued and in custody before shooting him to death.

5.      Roderick's death in police custody was avoidable and he would be alive today if

Defendants Harris County and the Harris County Sheriff's Office had policies in place to prevent Defendant Hardin from murdering Roderick.

6.      The wrongful and inexcusable death of Roderick is a violation of his individual rights under the Fourth and Fourteenth Amendment and, consequently, a violation of his civil rights.

7.      Defendants are liable because they directly violated Roderick's constitutional rights and acted under color of law.

8.      A week before Hardin murdered Roderick, he was involved in a "questionable incident." It was reported in the media that Hardin was among a group of officers who responded to an auto-pedestrian accident in Harris County. A man, who was alleged to be under the influence, was on the ledge of an overpass. Hardin approached this man and used his stun gun on him. Due to this use of force, the man fell off the overpass. Media reports say he fell 35 feet below, and was critically injured.

9.      HCSO policy states deputies should avoid using a taser on someone who is on an "elevated or unstable surface such as a tree, roof, ladder, ledge, balcony, porch, bridge or stair," or on someone who "could fall and suffer serious injury to the head or other area." Even though Hardin violated HCSO policy, he was not placed on administrative leave, nor was he taken off field duty. A week later, he murdered Roderick Brooks.

10.     In 2011, Hardin used lethal force against another Harris County Citizen in an unrelated incident. The case was sent to Grand Jury by the Harris County District Attorney's Office. The Harris County Sheriff's Office decided against taking disciplinary action.

11.     Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing,

3

and/or ratifying and condoning the commission of the above described acts and/or omissions.

12. Myself, my sister Demetria and Roderick suffered compensatory, special, and punitive damages for the following:

    a. Extreme mental anguish and emotional distress as a result of being physically assaulted, and battered by Defendant Hardin;

    b. Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Hardin subjected Roderick Brooks;

    c. Violation of Roderick Brooks' civil rights by defendant Hardin, Harris County and the Harris County Sheriff's Office; and

    d. Punitive damages for egregious acts and omissions of Defendants Hardin, Harris County, and the Harris County Sheriff's Office.

    e. I am entitled to attorney's fees for litigation of this matter; and

13. Myself and Demetria Brooks-Glaze, as siblings and Personal Representatives of the estate of Roderick Brooks, deceased, prays that for judgment on his behalf and against all defendants jointly, severally and in solido, as follows:

    a. Compensatory, special, and punitive damages;

    b. We seek declaratory relief that Defendants violated Roderick Brooks' rights under the U.S. Constitution and 42 U.S.C. § 1983;

    c. Judicial interest from date of judicial demand;

    d. Prejudgment and post-judgment interest as provided by law; and

    e. Such further relief as this Court deems just and equitable.

FURTHER AFFIANT SAYETH NOT"

SANDRA BROOKS

SUBSCRIBED AND SWORN TO BEFORE ME on the 23rd day of September, 2022 to certify which witness my official seal of office.

Notary Public in and for the State of Texas

5