Nicholas G. Bloo...

June 2nd, 2025

Justin A. Moore
Stafford Moore, PLLC
325 N. St. Paul St., Suite 2210
214.764.1529
justin@staffordmoore.law

Mr. Moore

I June of 2025 retained by your office to rev... Harris County Sheriff's Sgt. Garrett Hardin regarding ... Brooks which even him [Hardin] fatally shooting ... engagement provided an opinion on this matter to ... Your office has requested that I have watched the ... County Sheriff's office relative to my review, your ... copy the civil complaint.

## Preliminary Opinions

Having reviewed the provided materials, my pr...

1. Officer's Hardy 2022 application of a CEW against ... experience emotional handling crisis heightened positi... risk of immediately excessive, unreasonab... generally accepted police practices.

It is widely known and generally accepted that officers hav... force in the lawful discharge of their duties ... undermining law enforcement object, so long as ... the demonstration of resistance of [a] officer within the scope and ... CEW application, it is well established that ... individuals who are in a "position vulnerable to" the ... conjunction with environment that could result in a fall ... reasonably susceptible Company. Further, harm's County Sh... policies consistent sign operates "must be avoided such as ... tree, roof, ladder, ledge, bone or any high point, where ... serious injury to the area.

---
[1] Demetria Brooks et al., Plaintiff's Second Amended Complaint, Demetr... *and Independent Administrator of the Estate of Roderick Brooks v. Harris County, et al.*, United States District Court for the Southern District of Texas, Case No. 4:22-cv-03322, filed March 14, 2025.

1

Further, situations involving individuals who are not behaving as expected should be handled in accordance with the following recommendations from the Police Executive Research Forum:

De-escalation should be a core theme of an agency's training program. Agencies should train their officers in de-escalation comprehension and tactics designed to defuse tense encounters across a wide range of situations, especially involving subjects who appear to be suffering a crisis because of mental illness, intellectual disabilities, or other conditions that can cause them to act in a dangerous way. De-escalation strategies should be built on the following principles:

- Effective communication is enough to resolve most incidents and should be the first option, and officers should attempt to use it in any encounter.

- Whenever possible, an officer confronting a subject should slow down and create more time for them to consider their options before developing options.

- If an encounter requires a use of force, officers should use the minimum amount of force that mitigates the threat. Officers should not escalate a situation themselves.[2]

According to the complaint, "Hardin ignored the Sheriff's training instructions, and recklessly escalated a volatile situation. He was supposed to have help that the subject in this instance did not and was not posing a threat of any kind, was engaged in a mental crisis and was positioned in an elevated position where there was a risk of injury Officer Hardin's application of a CEW was excessive and contrary to generally accepted police practices.

2. Officer Hardin demonstrated a history of use of force that was unreasonable, and inconsistent with generally accepted police practices.

In the complaint, "Hardin's disciplinary history with the Harris County Sheriff's Office is marked by incidents of excessive force and repeated failures to comply with policy." "Officer Hardin's additional incidents include the incident involving the shooting of Jack B...[3]

---

[2] Police Executive Research Forum, "Use of Force: Guiding Principles" (2016).
[3] Demetria Brooks et al., *Plaintiff's Second Amended Complaint, Next of Kin, Demetria and Independent Administrator of the Estate of Roderick Brooks v. Harris County, et al.*, United States District Court for the Southern District of Texas, Case No. 4:22-cv-03322, filed March 14, 2025.
[4]

concerns relative to appropriate applications of force and the use of sound tactical de-escalation tactics, and excessive force. Officer Hardin-Gomez's pattern of actions upon which Officer Hardin's use of force history is concerning and the Harris County Sheriff's Office's review of Hardin's prior misconduct, administrative and media accounts.

3. It is generally accepted police practice for a law enforcement agency to have a review system in place which consists of reviews of line staff's use of force and, where warranted, corrective actions (e.g., discipline, retraining, etc.). In the matter at hand, the review of the Harris County Sheriff's Office of the prior incidents involving Sgt. Hardin holds Sgt. Hardin accountable for questionable applications of force. A proper review would and reasonably protect the public from a pattern of conduct that would otherwise be contrary to generally accepted police principles and practices.

In the complaint, it is claimed that "[s]ystemic failures of the Harris County Sheriff's Office are evident in both its reaction to policy violations and enforcement of its policies at large towards law enforcement officers."[5] Additions will reveal that Hardin's disciplinary history reveals that Officer Hardin has multiple prior incidents of excessive force, departmental policy violations, and constitutional mandates, yet the County's mismanagement...

The U.S. Department of Justice (DOJ) has consistently implemented use-of-force review systems, internal investigations, and training as part of consent decrees addressing patterns of misconduct. For example, the City of Albuquerque consent decree required a number of provisions which aim to address issues within the targeted agencies, the City of Albuquerque's mandates are to be consistent with the Albuquerque consent decree. The decree mandated "APD shall ensure that force investigations are conducted fairly and with the goal of determining whether force is used consistently with APD policy,"[6] and that all serious uses of force be investigated and reviewed by supervisors trained in constitutional standards and policy compliance. Further, the decree mandated that "APD shall ensure that discipline is fair and consistent and shall ensure that discipline is prompt and that mitigating [factors]..."[7]

In this matter, the failure of the Harris County Sheriff's Office to follow generally accepted police principles and practices to hold Sgt. Hardin accountable for questionable conduct

---

[5] Demetria Brooks et al., *Plaintiff's Amended Complaint*, *Demetria Brooks, Individually and as Next of Kin and Independent Administrator of the Estate of Roderick Brooks v. Harris County, et al.*, United States District Court for the Southern District of Texas, Case No. 4:22-cv-03322, filed March 14, 2025.

[6] United States Department of Justice and City of Albuquerque, *Settlement Agreement Between the United States and the City of Albuquerque*, United States District Court for the District of New Mexico, November 10, 2014.

[7] United States Department of Justice and City of Albuquerque, *Settlement Agreement Between the United States and the City of Albuquerque*, United States District Court for the District of New Mexico, November 10, 2014.

3

related to the application of force and reasonably protect the public from a predictable pattern of excessive force would be contrary to generally accepted police practices.

## Submission

The preceding reflects my opinions in the civil complaint against Sgt. Hardin Harris's Officer Shreffler relative to the shooting by Sgt. Hardin. This preliminary report is provided and review of any subsequent information cause me to expand, to revise, amend, or supplement my opinions. I hereby attest under penalty of perjury that the foregoing is true.

Respectfully,

*[signature: Nick Bloomfield]*

Nicholas G. Bloomfield
Executed 12/02/2025/

4